UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

PATRICK GENTLES,

      Plaintiff,

Case No. 16-CV-62133-WPD

vs.

UNIQUE MANAGEMENT SERVICES, INC.,

      Defendant
_____/

## **DEFENDANT UNIQUE MANAGEMENT SERVICES, INC.'S MOTION TO DISMISS**

Defendant, UNIQUE MANAGEMENT SERVICES, INC. ("Unique"), by and through undersigned counsel, hereby files this Motion to Dismiss Plaintiff's Complaint [DE 1], and in support thereof states as follows:

## **INTRODUCTION**

Plaintiff has brought this lawsuit alleging violations of the FDCPA and FCCPA for a letter sent to collect amounts owed to a library. Plaintiff has therefore not stated a claim as library fines are not considered a consumer debt under the FDCPA or the FCCPA. Furthermore, sending multiple validation notices does not violate the FDCPA. Therefore, Plaintiff's Complaint should be dismissed with prejudice.

## **MEMORANDUM OF LAW**

**Motion to Dismiss Standard**

A plaintiff is obligated to provide the "grounds" of his "entitle[ment] to relief" in order to survive a Rule 12(b)(6) motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). This requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *Id*. The "factual allegations must be enough to raise a right to relief

above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*.

The *Twombly/Iqbal* standard requires a pleading to contain sufficient factual allegations to show a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). *Twombly/Iqbal* "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail to indicate that the plaintiff has a substantial case." *Id.* In determining "plausibility", the court may disregard conclusory allegations even if they are alleged in the form of factual allegations. *Twombly*, 127 S. Ct. at 1950 ("although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). This Court must decide whether the factual allegations in the specific context of the case, if assumed to be true, allege a plausible claim:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id*. at 1949. "Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient...Mere naked assertions are also inadequate. *Lutman v. Harvard Collection Services, Inc.*, 2:15-CV-257-FTM-38CM, 2015 WL 4664296, at *2 (M.D. Fla. 2015). When the allegations of a complaint disagree with the attached exhibits, the exhibits govern. *See Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007)(quoting *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 812 (5th Cir. 1940)).[1]

**Consumer Debt**

In order for Plaintiff to recover under the FDCPA or FCCPA, Plaintiff must make the threshold allegations that the alleged violative activity arose out of communications related to attempting to collect a "consumer debt" as the term is defined in the FDCPA and FCCPA. *Oppenheim v I.C. Sys., Inc.*, 627 F.3d 833, 836-37 (11th Cir. 2010); *Flores v I.C. Sys., Inc.*, 2014 WL 1379046 (S.D. Fla. 2014). The FDCPA applies "only to payment obligations of a (1) *consumer* arising out of a (2) *transaction* in which the money, property, insurance, or services at issue are (3) *primarily for personal, family, or household purposes*." *Oppenheim*, 627 F. 3d at 836-37 (emphasis in original). *See also* Fla. Stat. § 559.55(6). "The statute thus makes clear that the mere obligation to pay does not constitute a "debt" under the FDCPA." *Id*.

To meet Plaintiff's burden, Plaintiff must allege the nature of the debt, and merely reciting the statutory definition of consumer debt is insufficient. *See Dunham v. Lombardo, Davis & Goldman*, 830 F. Supp. 2d 1305, 1307 (S.D. Fla. 2011)(denying request for default judgment where plaintiff failed to plead facts regarding consumer debt and instead "parroted the language of the FDCPA"); *see also Flores*, 2014 WL 1379046 at *4-5; *Dennis v. Regional Adjustment Bureau, Inc.*, 2010 WL 3359369 at 3 (S.D. Fla. July 7, 2010) (quoting *Cordoba v. Dillard's, Inc.*, 419 F. 3d 1169, 1191 (11th Cir. 2005)).

Courts have explicitly held that the library fines are not consumer debts as defined by the FDCPA. "The borrowing of library materials, and the failure to return or timely return them which results in library fines, does not constitute such a 'consumer debt.'" *Tierney v. Unique Mgmt. Services, Inc.*, 2:15-4385-DCN-BM, 2016 WL 2893127, at *2 (D.S.C. 2016), *report and recommendation adopted*, 2:15-CV-4385 DCN, 2016 WL 2853459 (D.S.C. 2016); *Riebe v. Juergensmeyer & Associates*, 979 F. Supp. 1218, 1220 (N.D. Ill. 1997)(holding that library fine was not consumer debt); *see also Graham v. ACS State & Local Sols., Inc.*, 2006 WL 2911780,

at *2 (D. Minn. 2006)(holding that fine for parking violation was not consumer debt); *Marfut v. City of N. Port, Fla.*, 8:08-CV-2006-T-27EAJ, 2009 WL 790111, at *8 (M.D. Fla. 2009)(holding that city imposed fines were not consumer debts under FDCPA).

In this case, Plaintiff does not allege any facts regarding the nature of the debt at issue. Instead, Plaintiff merely "parroted the language of the FDCPA," and made a legal conclusion regarding the debt, without any underlying factual support. *See Dunham v. Lombardo, Davis & Goldman*, 830 F. Supp. 2d 1305, 1307 (S.D. Fla. 2011). Therefore, Plaintiff has failed to state a claim under the FDCPA or the FCCPA, as he has failed to plead any facts showing that either statute applies to the obligation at issue. This failure requires the dismissal of Plaintiff's Complaint.

The exhibits to the Complaint show that the obligation at issue is a library fine, and not a consumer debt. *See* Complaint Ex. A, B. Specifically, the exhibits show that the letters were in regards to fines owed to the Broward County Library. *Id.* Any fines or fees from the borrowing of library materials do not constitute consumer debt. *Tierney v. Unique Mgmt. Services, Inc.*, 2:15-4385-DCN-BM, 2016 WL 2893127, at *2 (D.S.C. 2016); *Riebe v. Juergensmeyer & Associates*, 979 F. Supp. 1218, 1220 (N.D. Ill. 1997). Therefore, Plaintiff's Complaint should be dismissed with prejudice, and Plaintiff cannot amend the Complaint to state a claim.

**Multiple Validation Notices**

Plaintiff alleges that sending multiple communications with language regarding the FDCPA's validation provisions violates multiple sections of the FDCPA, including 1692g, 1692f, and 1692e. However, sending multiple validation provisions does not violate the FDCPA.

Section § 1692g requires a debt collector to provide a consumer with a specific list of information in an initial communication, or within 5 days of an initial communication. 15 USC 1692g. The section also provides that a consumer has 30 days from the receipt of the disclosures

4

to request validation of the debt. *Id.* The Eleventh Circuit has addressed this issue and found that nothing in the FDCPA prohibits a debt collector for providing a debtor with a second verification period, or sending a second initial communication. *See Bridges v. Performant Recovery, Inc.,* 5:15-CV-38 (CAR), 2015 WL 8773340, at *3 (M.D. Ga. 2015), *reconsideration denied,* 5:15-CV-38 (CAR), 2016 WL 4499090 (M.D. Ga. 2016)(holding that second letter with validation language only extended consumers time to request validation and did not violate § 1692g or 1692e); *Gesten v. Phelan Hallinan, PLC*, 57 F. Supp. 3d 1381, 1386 (S.D. Fla. 2014) (holding that second letter to consumer with validation language "expanded and emphasized" validation rights and did not violate § 1692g).

Plaintiff's argument that receiving a second validation period somehow violates the FDCPA fails as a matter of law. Plaintiff was provided a second validation period and Plaintiff does not allege or suggest that such a period was not honored. Providing Plaintiff with this additional second period that expanded validation rights does not violate 1692g. *See Bridges; Gesten*. Similarly, as Plaintiff's allegations do not show a violation of 1692g, Plaintiff's FCCPA claim fails, as Plaintiff's FCCPA claim is based solely on Defendant allegedly not complying with 1692g.

Plaintiff's attempts to manufacture violations of 1692e and 1692f from the multiple validation periods fail as a matter of law. Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," including the "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. 1692f. The section is generally referred to as the FDCPA's "catch all provision;" however, "a catch-all is not a free-for-all." *Miljkovic v. Shafritz & Dinkin*,

5

P.A., 791 F.3d 1291, 1308 (11th Cir. 2015). Section 1692e generally prohibits misleading activity in connection with the collection of a debt. Neither statue prohibits the provision of multiple initial disclosures to a consumer. *See Bridges*, 2015 WL 8773340 at *4 (holding that second initial disclosure did not violate 1692e). As Defendant's conduct comported with the applicable requirements of 1692g, the provision of an additional validation period to Plaintiff was neither misleading nor unconscionable, and therefore, not violative of the FDCPA.

## CONCLUSION

Plaintiff has failed to allege facts sufficient to show that the FCCPA or the FDCPA apply to Plaintiff's obligation. Furthermore, the exhibits show that the obligation at issue was a library fine, and not a consumer debt. Furthermore, Plaintiff's allegations that he received multiple validation periods do not state a claim, as expanded and emphasized validation rights do not violate the FDCPA or the FCCPA as a matter of law. Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

WHEREFORE, Defendant UNIQUE MANAGEMENT SERVICES, INC., respectfully requests this Court enter an order dismissing Plaintiff's Complaint with prejudice, and granting any other appropriate relief in Defendant's favor.

*s/ Barbara Fernandez*
Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
West A. Holden
Florida Bar No. 0113569
wholden@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile:  305-577-1063
Attorneys for Defendant UNIQUE
MANAGEMENT SERVICES, INC.

Case No. 16-CV-62133-WPD

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| Jibrael S. Hindi, Esq. | Thomas J. Patti, Esq. |
| The Law Offices of Jibrael S. Hindi, PLLC | Thomas-John Law, P.A. |
| 110 SE 6th Street | 110 SE 6th Street |
| Suite 1744 | Suite 1700 |
| Ft. Lauderdale, FL  33301 | Ft. Lauderdale, FL  33301 |
| Tel:  844-542-7235 | Tel:  954-543-1325 |
| Fax: 855-529-9540 | Fax:  954-507-9975 |
| Email:  jibrael@jibraellaw.com | Email:   tpatti@thomasjohnlaw.com |
| 844-542-7235 | Attorneys for Plaintiff |
| 855-529-9540 | Tel: 954-543-1325 |
| jibrael@jibraellaw.com | 954-507-9975 |
| Attorneys for Plaintiff | tpatti@thomasjohnlaw.com |
| | Attorneys for Plaintiff |

*s/ Barbara Fernandez*
Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
West A. Holden
Florida Bar No. 0113569
wholden@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, FL 33134
Telephone:  305-358-7747
Facsimile:   305-577-1063
Attorneys for Defendant UNIQUE MANAGEMENT SERVICES, INC.

15289754v1 0990989